United States District Court
Southern District of Texas
**ENTERED**
June 12, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| GS HOLISTIC, LLC, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:23-cv-00249 |
| § | |
| UPFERNO INC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff GS Holistic, LLC ("GS") has filed a Renewed Motion for Default Final Judgment against Defendants Upferno Inc d/b/a Upferno Smoke & CBD and Galal Abdulkarem Ahmed Al Salahi. *See* Dkt. 24. In reviewing the record of this case, I have realized that default was entered even though Plaintiff's request for entry of default (Dkt. 10) was not served on Defendants.

"Courts generally require that some notice be given to a defendant between the time of initial service of process and entry of default judgment." *Regal Nails, Salon & Spa, LLC v. Ha*, No. 20-14388, 2021 WL 4976529, at *4 (S.D. Fla. Sept. 9, 2021) (collecting cases). The Federal Rules require all written motions, like Plaintiff's request for entry of default, "be served on every party." Fed. R. Civ. P. 5(a)(1)(D). "Nothing in the text of Rule 55 excuses the service requirement for requests for entry of default." *Regal Nails*, 2021 WL 4976529, at *4. The certificate of service for Plaintiff's request for entry of default states that it "was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record." Dkt. 10 at 3. But there is no other counsel of record in this case because Defendants have yet to appear through counsel. Thus, the only proper methods for serving Defendants with Plaintiff's request for entry of default would have been to serve them in person, to leave it at their office or home, by mail, or "by any other means that [they] consented to in writing." Fed. R. Civ. P. 5(b)(2)(F). Because Defendants

were entitled to receive Plaintiff's request for entry of default but did not, I recommend the entry of default (Dkt. 11) be set aside. *See Regal Nails*, 2021 WL 4976529, at *4 (setting aside the entry of default where "Plaintiff has not proved Defendant had actual notice that a default was sought and subsequently entered against him, or that Plaintiff was actively seeking a default judgment against him"). I also recommend that, if the entry of default is set aside, Plaintiff's pending motion for default judgment (Dkt. 24) be denied as moot without prejudice to refiling once Plaintiff has established that the entry of default is actually proper.[1]

Although—if my recommendation is adopted—the pending motion for default judgment will be moot, I want to note that I would have recommended denying it, too, for service issues. On April 11, 2025, I entered a minute entry stating that I would not consider Plaintiff's motion "until Plaintiff provides proof that service of its motion was effectuated by certified mail, return receipt requested." *See* S.D. Tex. LR5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."). On April 17, 2025, "Plaintiff's counsel certified that service was sent by certified mail, return receipt requested, but did not provide tracking numbers or copies of the envelopes that were returned to Plaintiff." Dkt. 27. On April 18, 2025, Plaintiff provided "copies of the returned envelopes received from USPS . . . to serve as proof of service." Dkt. 28 at 1. Specifically, Plaintiff provided U.S. Postal Service tracking numbers 9589071052702282997914 and 9589071052702282997921. *See* Dkt. 28-1 at 1; Dkt. 28-2 at 1. Plaintiff also provided a scan of the envelopes sent by certified mail, return receipt requested, showing that each was marked by USPS "RETURN TO SENDER UNABLE TO FORWARD." Dkt. 28-1 at 2; Dkt. 28-2 at 2.

---

[1] "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). With the first step (the entry of default) set aside, Plaintiff necessarily cannot proceed to the second step (default judgment).

Federal courts routinely take "judicial notice that the USPS website states that it stores tracking records related to certified mail for two years." *Wilmington PT Corp. v. Tiwana*, No. 19-cv-2035, 2023 WL 4673777, at *10 (E.D.N.Y. June 12, 2023) (citing https://faq.usps.com/s/article/USPS-Tracking-The-Basics#How_can_I_use_USPS_Tracking, and collecting cases). When the tracking numbers at issue are within that two-year timeframe, courts also take "judicial notice of the information about that tracking number found on the U.S. Postal Service's website." *Walker v. Houston Hous. Auth.*, No. H-19-2736, 2020 WL 1855196, at *2 n.27 (S.D. Tex. Mar. 24, 2020), *report and recommendation adopted*, No. H-19-2736, 2020 WL 1848056 (S.D. Tex. Apr. 13, 2020), *aff'd sub nom. Walker v. Skalka*, 847 F. App'x 230 (5th Cir. 2021). Here, the information about both tracking numbers on the USPS website shows that both mailings were returned to Plaintiff's counsel because they "could not be delivered as addressed":



*See* USPS Tracking for Tracking Number 9589071052702282997914, https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071052702282997914 (last visited June 10, 2025); USPS Tracking for Tracking Number 9589071052702282997921, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=9589071052702282997921%2C&tABt=true (last visited June 10, 2025).

"While service by certified mail does not require actual delivery, it does require that the notice be received by defendant or by a person authorized to

receive mail on his behalf." *Smith v. New Leaf Assocs., L.L.C.*, No. 05-919, 2010 WL 3385168, at *1 (M.D. La. Mar. 9, 2010) (quotation omitted). That is not possible where the mail is improperly addressed. Although Defendants were personally served at 6011 Main Street, League City, Texas 77573 (*see* Dkt. 8 at 1, Dkt. 8-1 at 1), the Texas Comptroller's website shows that the full business ***mailing*** address for Defendants is 6011 W Main Street, ***Suite B105***, League City, Texas 77573. Franchise Tax Account Status for Upferno Inc., https://comptroller.texas.gov/taxes/franchise/account/status/search/32087045798 (last visited June 10, 2025).[2] Yet, Plaintiff addressed its mailings to both Defendants at 6011 Main Street ***only***, omitting Suite B105 from the address, making it impossible for the post office to deliver the mailings. *See* Dkt. 28-1 at 2, Dkt. 28-2 at 2. Should Plaintiff obtain an entry of default and refile its motion for default judgment, it should take care to address its mailings correctly.

In conclusion, I recommend that the Clerk's entry of default (Dkt. 11) be set aside and Plaintiff's motion for default judgment (Dkt. 24) be denied as moot without prejudice to refiling.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ____ day of June 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] I take judicial notice of the Texas Comptroller's website because it is a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

4