United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00249 |
| | § | |
| UPFERNO INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER[1]

Plaintiff GS Holistic, LLC ("GS") has filed a motion to strike Defendants' answer. *See* Dkt. 42. For the reasons discussed below, the motion is granted.

## BACKGROUND

GS instituted this lawsuit against Defendants Upferno Inc. and Galal Abdulkarem Ahmed Al Salahi, asserting claims of trademark infringement, counterfeiting, and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). On September 22, 2025, GS filed an amended complaint. *See* Dkt. 33. The amended complaint was properly served on Defendants. *See* Dkt. 40.

On November 3, 2025, Al Salahi timely filed a one-page answer. *See* Dkt. 41. In his answer, Al Salahi, who is representing himself, purports to answer on behalf of himself and Upferno. The substance of Al Salahi's answer is a one-sentence general denial, stating: "Defendant denies the allegations of the petition and thus asserts the privilege of having such allegations proved by a preponderance of the evidence." *Id.* at 1.

---

[1] "When the magistrate judge finds that dismissal or another sanction disposing of a claim or defense in unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge." *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554, 2016 WL 11664124, at *4 (N.D. Tex. Oct. 31, 2016). Because Defendants will be afforded the opportunity to file a Rule 8-compliant answer, my ruling today is not dispositive of a claim or defense.

On November 25, 2025, GS filed the instant motion requesting that Al Salahi's answer be stricken because: "(1) a corporation may not appear *pro se* and cannot be represented by a non-lawyer"; and "(2) the Answer fails to comply with pleading requirements because it offers only a bare general denial without fair notice, lacks any specific admissions or denials to the petition's allegations, and contains internal defects." Dkt. 42 at 1. Al Salahi's response to GS's motion is not due until December 16, 2025. I see no reason to await Al Salahi's response, however, because there is nothing that Al Salahi could say to change the outcome.

### CORPORATE ENTITIES MUST BE REPRESENTED BY COUNSEL

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). "The right to conduct business in these forms carries with it an obligation to hire a lawyer when the entity is sued." *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021). Against this legal backdrop, district courts across the nation "have found that the continued failure of a corporate or business entity to retain counsel despite the Court's previous orders [to do so] constitutes a failure to defend under Rule 55(a) and warrants the clerk entering default against the corporation or business entity." *U.S. Dep't of Lab. v. Mr. Cao's LLC*, No. 22-1165, 2024 WL 3567341, at *5 & n.4 (D. Kan. Mar. 1, 2024) (collecting cases). Unless Upferno appears through counsel, the Clerk of Court must enter a default against Upferno. *See Ryan Cos. US v. Solarjuice Am. Inc.*, No. 3:23-cv-00331, 2025 WL 429015, at *2 (S.D. Tex. Feb. 7, 2025).

### AL SALAHI'S ANSWER IS AN IMPERMISSIBLE GENERAL DENIAL

"A party that intends in good faith to deny *all* the allegations of a pleading—*including the jurisdictional grounds*—may do so by a general denial." Fed. R. Civ. P. 8(b)(3) (emphasis added). Al Salahi states that he is offering a "**GENERAL DENIAL**." Dkt. 41 at 1. The entirety of Al Salahi's general denial is this: "Defendant denies the allegations of the petition and thus asserts the privilege of

having such allegations proved by a preponderance of the evidence. Defendant will amend this answer, as necessary." *Id.* Al Salahi cannot make a general denial, however, because Al Salahi cannot deny GS's jurisdictional allegations in good faith.

In its amended complaint, GS invokes this court's federal question jurisdiction. *See* Dkt. 33 at 2 ("This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)."). Congress has provided that "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Accordingly, Al Salahi cannot deny this court's federal question jurisdiction in good faith. Because Al Salahi cannot deny *all* the allegations in GS's amended complaint in good faith, he cannot offer a general denial. *See Poole v. Dhiru Hosp., LLC*, No. SA-18-cv-636, 2018 WL 7297891, at *2 (W.D. Tex. Oct. 29, 2018) ("General denials are only appropriate when all allegations brought in the complaint, *including jurisdiction*, are in good faith denied by a party.").

"A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Al Salahi's answer does not specifically deny or admit any of GS's allegations. Accordingly, Al Salahi's answer must be stricken. *See Mary Kay, Inc. v. Dunlap*, No. 3:12-cv-0029, 2012 WL 2358082, at *8 (N.D. Tex. June 21, 2012) (striking a plaintiff's impermissible general denial). Because Al Salahi is proceeding pro se, I will afford him an opportunity to file an amended answer that complies with Rule 8's requirements. Al Salahi may choose to "either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Al Salahi may also choose, as many defendants do, to specifically deny or admit each allegation in the amended complaint. Whichever route Al Salahi chooses, he must

"state in short and plain terms [his] defenses to each claim asserted against [him]" and "admit or deny the allegations asserted against [him]." Fed. R. Civ. P. 8(b)(1). Failure to properly answer the amended complaint risks any non-compliant answer being stricken and the clerk's entry of default against the Defendants.

## CONCLUSION

For the reasons discussed above, GS's motion to strike (Dkt. 42) is granted.[2] I will give Al Salahi until Friday, January 16, 2026, to file a Rule 8-compliant answer. I will give Upferno until Friday, January 16, 2026, to appear through counsel and answer the amended complaint. Failure to do either of these things by January 16, 2026, risks a clerk's entry of default.

SIGNED this __1st__ day of December 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] GS's request for "costs associated with addressing the improper Answer" is denied. Dkt. 42 at 5.